**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCUS A. MADDEN, | ) |
| Plaintiff, | ) Case No. 2:18-cv-00122-GMN-NJK |
| vs. | ) **ORDER** |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

Plaintiff Marcus A. Madden has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, (Docket No. 1), and submitted a complaint (Docket No. 1-1), an amended complaint (Docket No. 3), and an exhibit to his amended complaint (Docket No. 4).[1]

**I.     Application to Proceed *In Forma Pauperis***

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Court will now review Plaintiff's Complaint.

. . . .

. . . .

---

[1] It is unclear to the Court whether Plaintiff intended the document that is docketed as an amended complaint to serve as an amended complaint that supersedes his original complaint. In cases such as this, in which the plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Accordingly, for the purpose of this order, the Court construes the documents at Docket Nos. 1-1, 3, and 4 collectively as Plaintiff's complaint.

## II. Screening the Complaint

When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to federal statute. *See* 28 U.S.C. § 1915(e). With respect to social security appeals specifically, the undersigned and several other judges in this District have outlined some of the basic requirements for complaints to satisfy the Court's screening. First, the plaintiff must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).

Applying these standards in this case, Plaintiff's complaint is plainly insufficient. As such, Plaintiff's complaint has failed to state a claim for relief.

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00).
2. Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint (Docket Nos. 1-1, 3, 4).
4. The Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **March 26, 2018**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., any of the prior documents Plaintiff has filed in this case) in order to make the Amended Complaint complete. This is because, as a general

rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated: February 23, 2018.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE